ORDER (Denying Request for CTF funds)
MARK BUTTERFIELD, Chief Judge.
PROCEDURAL HISTORY
The plaintiff is an eighteen-year old tribal member who did not graduate from high school in June. Despite the fact the Legislature has determined that members in her position cannot get ahold of their Children’s Trust Funds [CTF] until the age of 21 or completion of an HSED or GED where no HSED is available, she requests some of her CTF money to complete the purchase of a vehicle she has already begun. A hearing was scheduled to allow her to make her case. She did not appear.
APPLICABLE LAW
HCN AMENDED AND RESTATED PER CAPITA DISTRIBUTION ORDINANCE
Section 6.01 Minors and other legal incompetents.
(a) The interest of minors and other legally incompetent Members, otherwise entitled to receive per capita payments, shall, in lieu of payments to such minor or incompetent Member, be disbursed to a Children’s Trust Fund which shall establish a formal irrevocable legal structure for such CTF’s approved by the Nation’s Legislature as soon after the passage of this Ordinance as shall be practical, with any amounts currently held by the Nation for passage for the benefit of minor or legally incompetent Members, and all additions thereto pending approval and establishment of such formal irrevocable structure, to be held in an account for the benefit of each such Member-beneficiary under the supervision of the Trial Court of the Nation. Trust assets of such CTF’s shall be invested in a reasonable and prudent manner which protects the principal and seeks a reasonable return. The trust assets of each such account maintained for a minor shall be disbursed to the Member-beneficiary thereof upon the earlier of (I) said Member beneficiary meeting the dual criteria of (a) reaching the age of eighteen (18) and (b) producing evidence of personal acquisition of a high school diploma or an HSED or a GED, if and only if, the Member’s state of residence does not offer a more comprehensive testing alternative (hereinafter defined as “equivalent academic credential”) to the Enrollment department, or evidence that a diploma could not be obtained due to a handicap or learning disability notwithstanding the minor’s diligent effort to complete high school and obtain a diploma or (ii) the Member reach *185 es the age of twenty-one (21); provided that this provision shall not operate to compel disbursement of funds to Members legally determined to be incompetent. In the event a Member, upon reaching the age of eighteen (18) does not produce proof of personal acquisition of a high school diploma or equivalent academic credential, or evidence of substantial disability and diligent effort to complete high school, such Member’s per capita funds shall be retained in the CTF account and shall be held on the same terms and conditions applied during the Member-beneficiary’s minority until the earliest to occur of (x) the Member produces the required diploma or equivalent academic credential; (y) the Member reaches the age of twenty-one (21); or, (z) the Member is deceased. Notwithstanding the continuation of the CTF up to the Member reaching age twenty-one (21), the Member failing to meet the graduation requirement shall be entitled to directly receive all per capita distributions as and when made to all qualified adult Members after said Member’s eighteenth (18) birthday, unless determined to be legally incompetent and therefore subject to a CTF.
(b) Funds in the CTF of a minor or legally incompetent member may be available for the benefit of a beneficiary’s health, education and welfare when the needs of such person are not being met from other Tribal funds or other state or federal public entitlement program, and upon a finding of special need by the Ho-Chunk Nation Trial Court. In order to request such funds, (1) a written request must be submitted to the Nation’s Trial Court by the beneficiary’s parent or legal guardian detailing the purpose and needs for such funds; and, (2) the parent or legal guardian shall maintain records and account to the Trial Court in sufficient detail to demonstrate that the funds disbursed were expended as required by this Ordinance and any applicable federal law; and, (3) any other standards, procedures and conditions that may be subsequently adopted by the Legislature consistent with any applicable federal law shall be met.
FINDINGS OF FACT
1. Samantha Dyan Beale is the member of the Ho-Chunk Nation, member no. 439A004813. Her date of birth is January 5, 1981. She was 18 years old at the time of the hearing.
2. Ms. Beale requested money from her CTF to obtain a vehicle ostensibly to attend school to complete her GED. She specifically desired to purchase a 1998 Isuzu Rodeo for the full retail price of $19,568.
3. Ms. Beale filed her request on August 5, 1999 after previously receiving more than $6,000 in per capita income since reaching her 18th birthday. There were Tribal distributions of more than $2,000 on February 1, May 1 and August 1, 1999.
4. Ms. Beale apparently financed her vehicle with a down payment of $1,000 cash and a check from one Quinton D. Holliday of $8,000. Mr. Holliday’s check was written on a closed account possibly violating Colorado law. Mr. Holliday’s relationship to Ms. Beale is unknown.
DECISION
The Court declines to grant the plaintiffs request. Ms. Beale failed to appear despite approval to appear by telephone. This may be due to the improper time listed on the Notice. Failure to appear is alone sufficient grounds to deny the request. See HCN R. Civ. P. 44(c). However, as the Notice was deficient on its face the dismissal here will be without prejudice.
*186 Second, the plaintiff failed to prove the request was necessary for the stated goals. Ms. Beale provided no proof of enrollment in any course of study leading to the acquisition of a High School diploma or GED. She provided no progress report or letter of attendance from any school administrator stating that she was in attendance in school. Therefore, the Court must find that she failed to prove an essential element of her claim that the requested money would advance her health, education or welfare.
Third, the plaintiff failed to show that the requested vehicle was a reasonable and prudent purchase. The Court finds that if the true need is for basic transportation to and from class in an area of the Denver metropolitan area without night bus service the amount of the request is excessive. Ms. Beale should have considered getting transportation within her means and income. If Ms. Beale proved she really needed the money to go to school, then she should have tried to buy a safe reliable used vehicle she could afford.
Ms. Beale did not get a good deal on this vehicle. The vehicle is not a moderately priced used vehicle but an essentially overpriced vehicle with more emphasis on looks than just getting around. Although, Ms. Beale is now in trouble with a collection agency, that is due to her own imprudent desire to purchase a fancy vehicle she could not afford.
The Court cannot condone the invasion of a CTF fund for the purchase of a new vehicle. When Ms. Beale has reached the age of 21 or graduated from a GED course of study she can make whatever choices she wishes regarding vehicle purchases. However, this Court does not feel that allowing the purchase of a new vehicle for a young adult who failed to qualify for it by meeting the education requirements would in essence undermine the entire Legislative goal of encouraging Ho-Chunk students to get an education and graduate from high school. If the Court were to allow this purchase nearly every 18 year old who dropped out of school rather than graduate on time would be demanding access to their CTF money to buy a new car.
Based on the evidence submitted the Court denies the request for funds to purchase a new vehicle.
All parties have the right to appeal a final judgment or order of the Trial Court. If either party is dissatisfied with the decision of this Court, they may file a Notice of Appeal with the Ho-Chunk Supreme Court within thirty (30) calendar days from the date this Court renders such final judgment or order. The Notice of Appeal must show service was made upon the opposing party prior to its acceptance for filing by the Clerk of Court. The Notice of Appeal must explain the reason the party appealing believes the decision appealed from is in error. All appellate pleadings to the Ho-Chunk Supreme Court must be in conformity with the requirements set by the Ho-Chunk Supreme Court in accordance with the Ho-Chunk Rules of Appellate Procedure.